IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION



FILED
Scott L. Poff, Clerk
United States District Court

*By staylor at 4:35 pm, Apr 30, 2019*

| | |
|---|---|
| WILLIE QUINTAVIOUS CHISUM, | |
| Plaintiff, | CIVIL ACTION NO.: 6:18-cv-116 |
| v. | |
| MAURICE BEAVERS, et al., | |
| Defendants. | |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff brought this action under 42 U.S.C. § 1983 while incarcerated at Georgia State Prison in Reidsville, Georgia, to challenge certain conditions of his confinement. Doc. 1. For the reasons below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint, **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and **CLOSE** this case, and **DENY** Plaintiff leave to appeal *in forma pauperis*.[1] I also **DENY as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, doc. 2, and his Motion to Appoint Counsel, doc. 3.

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A Magistrate Judge's Report and Recommendation ("R&R") provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. Jan. 8, 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that the R&R served as notice that claims would be *sua sponte* dismissed). This R&R constitutes fair notice to Plaintiff that his suit is barred and due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the presiding district judge will conduct a de novo review of properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's R&R constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

## BACKGROUND[2]

On July 4, 2018, Defendant Maurice Beavers, another inmate at Georgia State Prison, entered Plaintiff's cell and attacked Plaintiff. Doc. 1 at 4–5. Defendant Beavers eventually left but returned around 15 minutes later and continued to attack Plaintiff. Id. Plaintiff believes Defendant Beavers attacked him because of Plaintiff's sexual orientation. Id. at 6. Plaintiff reported the incident to a prison officer the night it occurred, and Plaintiff received medical treatment. Id. at 4–5. As a consequence of the attack, Plaintiff sustained facial injuries, including a swollen eye, a busted lip, and a fractured nose. Id. at 6. Though the injuries largely healed, Plaintiff continues to experience difficulty breathing out of his nose and blurry vision in his left eye. Id. After Plaintiff received medical treatment, prison officials attempted to take Plaintiff back to the same dorm where he was first attacked. Id. at 5. Plaintiff refused to go, and, as a consequence, prison officials placed him in Tier II administrative segregation for 30 days. Id.

Plaintiff alleges that Defendants failed to protect him from the assault by Defendant Beavers. Id. at 4. He brings this action against Defendant Beavers and three other Defendants:Defendant Allen, the warden at Georgia State Prison; Defendant Adams, the prison's assistant warden; and Defendant Jackson, a unit manager at the prison. Id. at 2–3. As relief, Plaintiff requests $35,000 in compensatory damages and $10,000 in punitive damages. Id. at 6.

## STANDARD OF REVIEW

Plaintiff is bringing this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets, shows an inability to pay the

---

[2]   During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

2

filing fee, and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or if it fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleadings contained in the Federal Rules of Civil Procedure when reviewing a complaint on an application to proceed *in forma pauperis*. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will
3

not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . .") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

**I.    Plaintiff's Eighth Amendment Claim for Failure to Protect**

The Eighth Amendment "imposes a duty on prison officials" to "take reasonable measures to guarantee the safety of the inmates." Caldwell v. Warden, 748 F.3d 1090, 1099–1100 (11th Cir. 2014). Prison officials are not held liable for every attack by one inmate upon another, nor are they guarantors of a prisoner's safety. Purcell ex rel. Estate of Morgan v. Toombs County, 400 F.3d 1313, 1319 (11th Cir. 2005) (observing that while "[p]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners[,]" constitutional liability does not flow from "every injury suffered by one prisoner at the hands of

another" (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994))); Popham v. City of Talladega, 908 F.2d 1561, 1564 (11th Cir. 1990); Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986). Rather, "[t]o show a violation of his Eighth Amendment rights, [p]laintiff[s] "must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendant[']s deliberate indifference to that risk; and (3) causation.'" Smith v. Reg'l Dir. of Fla. Dep't of Corr., 368 F. App'x 9, 14 (11th Cir. 2010) (quoting Purcell, 400 F.3d at 1319).

The Court assesses the first element—a substantial risk of serious harm—under an objective standard. Caldwell, 748 F.3d at 1099. "[A]n excessive risk of inmate-on-inmate violence at a jail creates a substantial risk of serious harm." Purcell, 400 F.3d at 1320. "A prisoner has a right . . . to be reasonably protected from constant threat of violence . . . from his fellow inmates." Id. at 1320–21 (citing Woodhous v. Virginia, 487 F.2d 889, 890 (4th Cir. 1973)). However, "[w]hether a substantial risk of serious harm exists . . . involves a legal rule that takes form through its application to facts." Id. at 1320. The objective component requires a plaintiff to show that the condition he complains of is sufficiently serious to violate the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8 (1992); Chandler v. Crosby, 379 F.3d 1278, 1289–90 (11th Cir. 2004).

Here, Plaintiff does not allege that there is an "excessive risk" from attack from other inmates at Georgia State Prison, nor does he offer any facts to support such a risk. However, Plaintiff does argue that prison officials attempted to move him back into the same dormitory with Defendant Beavers, who allegedly attacked Plaintiff. At this stage of review, these facts, though limited, are enough to demonstrate a substantial risk of serious harm.

Turning to the second element, I find that Plaintiff failed to show that Defendants Allen, Adams, or Jackson demonstrated a deliberate indifference to a substantial risk of serious harm.

5

The "deliberate indifference" prong of the Eighth Amendment has three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence."[3] Farrow v. West, 320 F.3d 1235, 1245 (11th Cir. 2003) (citing McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999)); see also Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016); Thomas v. Bryant, 614 F.3d 1288, 1312 (11th Cir. 2010). Importantly, "simple negligence is not actionable under § 1983, and a plaintiff must allege 'a conscious or callous indifference to a prisoner's rights.'" Smith, 368 F. App'x at 14 (quoting Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982)); Carter v. Galloway, 352 F.3d 1346, 1350 (11th Cir. 2003) ("[M]erely negligent failure to protect an inmate from attack does not justify liability under section 1983" (quoting Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990))).

Moreover, the "subjective knowledge of a risk of serious harm" component requires a defendant have "actual knowledge that an inmate faced a substantial risk of serious harm." Caldwell, 748 F.3d at 1099. A prison official must be faced with a known risk of injury that rises to the level of a "strong likelihood rather than a mere possibility" before his failure to protect an inmate can be said to constitute deliberate indifference. Brown, 894 F.2d at 1537. Thus, "[t]o be deliberately indifferent a prison official must know of and disregard 'an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference.'" Smith, 368 F. App'x at 14 (quoting Purcell, 400 F.3d at 1319–20).

---

[3] Eleventh Circuit case law on whether a claim of deliberate indifference requires "more than *gross* negligence" or "more than *mere* negligence" is inconsistent. Compare Goebert v. Lee County, 510 F.3d 1312, 1327 (11th Cir. 2007), with Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011). In Melton v. Abston, the Eleventh Circuit directly addressed this discrepancy and found "more than mere negligence" to be the appropriate standard. 841 F.3d 1207, 1223 n.2 (11th Cir. 2016). Accordingly, this Court will apply the "more than mere negligence" standard.

6

While Plaintiff alleges that Defendant Beavers attacked him on July 4, 2018, he offers no facts to show that Defendants Allen, Adams, or Jackson had any knowledge of the attack or the risk of danger Defendant Beavers might pose to Plaintiff before the attack occurred. Doc. 1. Additionally, although Plaintiff contends that prison officials tried to send him back in the same dorm where he was first attacked and, upon his refusal, placed him in administrative segregation, Plaintiff fails to allege that Defendant Beavers posed an ongoing risk to Plaintiff's safety, that there was a strong likelihood that Defendant Beavers would attack Plaintiff again, or that Defendants were aware that returning Plaintiff to his assigned dorm placed Plaintiff in continuing danger. Lavender v. Kearney, 206 F. App'x 860, 863 (11th Cir. 2006) ("General knowledge about an inmate's violent tendencies, without more specific information about the risk, does not constitute deliberate indifference."). Moreover, based on Plaintiff's Complaint, it is impossible to determine whether any of the named Defendants made the decision (or were involved with making the decision) to return Plaintiff to his assigned dorm after the attack. In fact, it is not even clear whether any named Defendants (apart from Defendant Beavers) even knew of the attack at the time prison officials attempted to move Plaintiff back to the assigned dorm. Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's Eighth Amendment claim against Defendants Allen, Adams, and Jackson.

## II.     Plaintiff's Claim Against Defendant Beavers

"To successfully raise a § 1983 claim," Plaintiff is "required to show that he 'was deprived of a federal right by a person acting under color of state law.'" Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001)); Welch v. Estes, No. 5:14-CV-250, 2014 WL 7369424, at *3 (N.D. Ala. Dec. 29, 2014) ("One of the two essential elements in any § 1983 action is that 'the conduct

complained of was committed by a person acting under color of state law.'" (quoting Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds by* Daniels v. Williams, 474 U.S. 327 (1986))); see also West v. Atkins, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must . . . show that the alleged deprivation was committed by a person acting under color of state law."); Polk County v. Dodson, 454 U.S. 312, 315 (1981) (noting that establishing a defendant acted "under color of state law" is "a jurisdictional prerequisite for a § 1983 action").

"The traditional definition of acting under color of state law requires that the defendants in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" Welch, 2014 WL 7369424, at *3 (quoting West, 487 U.S. at 49). Thus, "private defendants can be held liable in a § 1983 action if they act in concert with other persons acting under color of state law in depriving a plaintiff of constitutional rights." Id. (quoting Bendiburg v. Dempsey, 909 F.2d 463, 468 (11th Cir. 1990)); see also Moore, 203 F. App'x at 323 ("For § 1983 purposes, a private person generally acts 'under color of state law' only when engaged in a conspiracy with state officials."); Payne v. Monroe County, 779 F. Supp. 1330, 1335 (S.D. Fla. 1991) ("A § 1983 action can be maintained when it can be established that the defendant acted under color of state law or exercises power possessed by virtue of state law.").

Plaintiff names inmate Maurice Beavers as a Defendant in this action because Defendant Beavers attacked him. However, Plaintiff does not allege that Defendant Beavers acted under color of state law. James v. Atwater, No. 5:07-CV-448, 2008 WL 228037, at *2 (M.D. Ga. Jan. 25, 2008) (observing that, generally, "[i]nmates do not act under color of state law"). Moreover, Plaintiff does not allege any facts which suggest that prison administrators encouraged or conspired with Defendant Beavers to attack Plaintiff or that Defendant Beavers acted in concert

8

with other state officials when doing so. Thus, Defendant Beavers is not a proper party to this § 1983 action.[4] I, therefore, **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendant Beavers.

### III.   Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[5] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a

---

[4]   Though Plaintiff cannot bring a § 1983 claim against Defendant Beavers, the facts he alleges may create a colorable state law claim against Defendant Beavers. See James, 2008 WL 228037, at *2 (suggesting an inmate may have a "state civil cause of action . . . for assault and battery" against an inmate who attacked him). Importantly, "*pro se* complaint[s], however inartfully pleaded," are "held to less stringent standards than formal pleadings drafted by lawyers[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 104–05 (1976)). "However, liberal construction of pro se pleadings 'does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" O'Connor v. Warden, 754 F. App'x 940, 941 (11th Cir. 2019) (quoting Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014)). Nothing in Plaintiff's Complaint indicates that Plaintiff intended to bring an additional state law claim along with his § 1983 action. Rather, in his Complaint, Plaintiff writes that he is suing Defendants for "violat[ions of his] Eighth Amendment right[s]." Doc. 1 at 3. Accordingly, the Court **FINDS** Plaintiff did not intend to include a state law claim against Defendant Beavers when bringing his § 1983 action. To the extent that Plaintiff's Complaint could be construed differently, I **RECOMMEND** the Court decline to exercise supplemental jurisdiction over the state law claim. Bravo v. Loor-Tuarez, 727 F. App'x 572, 577 (11th Cir. 2018) ("A district court 'may decline to exercise supplemental jurisdiction' over state law claims when, among other things, it has 'dismissed all claims over which it has original jurisdiction.'" (quoting 28 U.S.C. § 1367(c)(3))); Mines v. Barber, 610 F. App'x 838, 841 (11th Cir. 2015) ("A district court, however, can decline to exercise supplemental jurisdiction when all claims over which it had original jurisdiction have been dismissed.").

[5]   A certificate of appealability is not required in this § 1983 action.

frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke, 490 U.S. at 327; Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier, 314 F.3d at 531; see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint based on his failure to state a § 1983 claim, **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and **CLOSE** this case, and **DENY** Plaintiff leave to appeal *in forma pauperis*.  Because I recommend dismissal, I **DENY as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, doc. 2, and his Motion to Appoint Counsel, doc. 3.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 30th day of April, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA